IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| NORTHERN CALIFORNIA RIVER WATCH,<br><br>    Plaintiff,<br><br>    v.<br><br>SONOMA COUNTY WATER AGENCY, et al.,<br><br>    Defendants.<br>_____ / | No. C 05-03749 CRB<br><br>**ORDER GRANTING PLAINTIFF LEAVE TO FILE SECOND AMENDED COMPLAINT** |

   This is a citizen-suit alleging various violations of the Clean Water Act ("CWA"). Defendant Sonoma County Water Agency ("SCWA" or "the Agency") has filed two motions to dismiss the First Amended Complaint of plaintiff Northern California River Watch ("NCRW" or "River Watch"). The first is a motion to dismiss for lack of subject matter jurisdiction under Rule 12(b)(1) for failure to provide adequate notice as required by the CWA. The second motion to dismiss is filed pursuant to Rule 12(b)(7) for failure to join an indispensable party, in this case the Sonoma Valley County Sanitation District ("SVCSD"), which owns the collection system and wastewater treatments at issue and is the permittee of the permit violations plaintiff asserts. Without conceding that the SVCSD is an indispensable party, plaintiff has filed a motion for leave to file a Second Amended Complaint ("SAC") to add the SVCSD as a party. After carefully reviewing the parties'

written submissions, the Court finds that oral argument is unnecessary pursuant to Local Rule 7-1(b), and the Court GRANTS plaintiff's Motion for Leave to File a Second Amended Complaint.

Defendants do not dispute that plaintiff gave notice (for the third time) more than 60 days prior to seeking leave to file the SAC and otherwise satisfied the technical and procedural requirements of 33 U.S.C. section 1365(b),[1] nor do they dispute that plaintiff could file a separate action based on this third notice. Rather, defendants oppose the motion on the ground that failure to include the SVCSD, a purported indispensable party, in the original lawsuit is an incurable jurisdictional defect that requires immediate dismissal under the CWA.

In support their argument, defendants rely on Hallstrom v. Tillamook County, 493 U.S. 20 (1989) and Washington Trout v. McCain Foods, 45 F.3d 1351 (9th Cir. 1995). In Hallstrom, the Court stated that "compliance with the 60-day notice provision is a mandatory, not optional, condition precedent for suit." Hallstrom, 493 U.S. at 26 (holding that failure to notify all relevant agencies pursuant to section 1365(b)(1)(A) and 40 CFR section 135 necessitates dismissal). In Washington Trout, the Court interpreted Hallstrom to require that these notice provisions must be strictly construed before a federal court may hear the suit. Washington Trout, 45 F.3d at 1354 (holding that failure to provide the identity of potential plaintiffs, the address and phone number of another potential plaintiff, and the dates any alleged violations in the notice did not satisfy the notice requirements under the CWA). Further, the Washington Trout court disagreed with the plaintiffs' argument that technical deficiencies should not defeat jurisdiction where the purposes of pre-suit notice were served. Id. The court noted that the dual purposes of the notice–to allow for the parties to resolve their conflicts in a non-adversarial manner and to notify the appropriate parties of the potential action–were not met where the parties were not known and a resolution was therefore impossible. Id.

---

[1] Defendants maintain that the substance of the third notice provided was inadequate, but their motion to dismiss for lack of subject matter jurisdiction now before the Court addresses the second notice.

2

Here, there is no dispute that plaintiff provided its third notice more than 60 days before seeking to amend its Complaint, and that the relevant parties were known and notified. Further, unlike in <u>Hallstrom</u> and <u>Washington Trout</u> where the procedural and technical requirements of the statute were not met, plaintiff has satisfied all of these requirements here. Defendants concede as much by recognizing that plaintiffs could have filed their Second Amended Complaint as a separate action. Moreover, while the Court recognizes that resolution of this matter in a non-adversarial manner during the 60-day notice period is unlikely when litigation has already commenced, the substance of the dispute has been the same since the first notice and the SVCSD had ample opportunity to resolve this issue once notice was addressed to it. Finally, where the procedural requirements of notice under section 1365 have been met, principles of judicial efficiency and pragmatism counsel the Court to permit plaintiff to file a SAC where neither party disputes that it could file an identical complaint in a separate action. Accordingly, the Court GRANTS plaintiff's motion for leave to file a second amended complaint.

## CONCLUSION

For the reason's stated above, plaintiff's motion for leave to file a Second Amended Complaint is GRANTED. Accordingly, defendants' motion to dismiss pursuant to Rule 12(b)(7) is rendered moot. Plaintiff may file a Second Amended Complaint consistent with this Order no later than June 30, 2006. Defendant's motion to dismiss for lack of subject matter jurisdiction under Rule 12(b)(1) addressed the provisions of plaintiff's second notice, which appears to be at least somewhat different from plaintiff's third notice. Therefore, defendants' Rule 12(b)(1) motion to dismiss is DENIED without prejudice. Defendants shall file responsive motions to plaintiff's SAC, if any, no later than July 14, 2006. The Court will hear oral argument on any such motions on August 18, 2006.

**IT IS SO ORDERED.**

Dated: June 26, 2006

CHARLES R. BREYER
UNITED STATES DISTRICT JUDGE