Jack Silver,  SBN#  160575
Law Office of Jack Silver
Jerry Bernhaut,  SBN # 193805
Post Office Box 5469
Santa Rosa, CA 95402-5469
Telephone   707-528-8175
Facsimile   707-528-8675
lhm28843@sbcglobal.net

Attorneys for Plaintiff
NORTHERN CALIFORNIA RIVER WATCH

Peter W. McGaw, SBN# 104691
John L. Kortum, SBN#148573
ARCHER NORRIS
Attorneys At Law
2033 North Main Street, Suite 800
Walnut Creek, CA 94596
Telephone 925-930-6600
Facsimile  925-930-6620

Attorneys for Defendants
SONOMA COUNTY WATER AGENCY,
SONOMA VALLEY COUNTY SANITATION
DISTRICT and RUSSIAN RIVER
COUNTY SANITATION DISTRICT

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| NORTHERN CALIFORNIA RIVER WATCH, a non-profit Corporation, | **CASE NO.: C05-3749 CRB** |
| Plaintiff, | |
| v. | |
| SONOMA COUNTY WATER AGENCY, SONOMA VALLEY SANITATION DISTRICT, and DOES 1-10, Inclusive, | |
| Defendants. | |

C05-3749 CRB and C06 4182 CRB
Consent Decree and Order                                  1

1  NORTHERN CALIFORNIA RIVER            **CASE NO.: C06-4182 CRB**
   WATCH, a non-profit Corporation,
2
                  Plaintiff,            **CONSENT DECREE AND ORDER**
3
   v.
4
   SONOMA COUNTY WATER AGENCY,
5  RUSSIAN RIVER COUNTY SANITATION
   DISTRICT,  and DOES 1-10, Inclusive,
6
                  Defendants.
7  _____/      _____

8

9         This Consent Decree incorporating the attached Settlement Agreement and Mutual Release of

10  Claims ("Settlement Agreement") (Exhibit 1) is entered into between plaintiff Northern California River

11  Watch ("NCRW") and defendants Sonoma County Water Agency ("Agency"), Sonoma Valley County

12  Sanitation District ("Sonoma Valley CSD") and the Russian River County Sanitation District ("Russian

13  River CSD"),(collectively "the Parties") with respect to the following facts and objectives:

14         WHEREAS, NCRW is a 501(c)(3) non-profit, public benefit corporation organized under the

15  laws of the State of California, dedicated to the protection, enhancement, and restoration of the rivers,

16  creeks, and tributaries of Northern California;

17         WHEREAS, the Sonoma Valley CSD and the Russian River CSD are each county sanitation

18  districts organized under Division 5 of the California Health & Safety Code § 4700 et seq.; each is a

19  separate legal entity; and, each operates under a separate National Pollutant Discharge Elimination

20  System ("NPDES") permit issued pursuant to state order;

21         WHEREAS, the Agency is formed pursuant to the Sonoma County Flood Control and Water

22  Conservation District Act, Chapter 994 of the Statues of 1949 (California Water Code Appendix § 53-1

23  et seq.) and is a separate legal entity from the Sonoma Valley CSD and the Russian River CSD;

24         WHEREAS, the procedural history of this case is detailed in the attached Settlement Agreement

25  and need not be repeated here;

26         WHEREAS, the terms of settlement are detailed in the attached Settlement Agreement and need

27  not be repeated here;

28  C05-3749 CRB and C06 4182 CRB
    Consent Decree and Order                    2

1    WHEREAS, the Parties agree that it is in their mutual interests to enter into this Consent Decree

2    setting forth the terms and conditions appropriate to resolving the allegations set forth in the Complaints;

3    WHEREAS, this Consent Decree constitutes a full and final adjudication of all claims in these

4    actions arising from or relating to the allegations in the Complaints that were asserted;

5    WHEREAS, this Court shall retain jurisdiction from the date of entry of this Consent Decree and

6    Order through the date of termination of this Consent Decree and Order for the purposes of (1) resolving

7    any dispute of this Consent Decree, and (2) disposing of any motion to enforce this Consent Decree, or

8    of any contempt petition, filed on or before the date of termination;

9    WHEREAS, each party consents to the entry of this Consent Decree and Order subject to the

10   provisions of Clean Water Act § 505(c)(3) that "[n]o consent judgment shall be entered in an action in

11   which the United States is not a party prior to forty-five (45) days following the receipt of a copy of the

12   proposed consent judgment by the Attorney General and the Administrator [of the U.S. EPA]." 33

13   U.S.C. §§ 1354(c)(3).

14   WHEREAS, on September 29, 2006, NCRW sent a copy of the attached Settlement Agreement

15   by mail to the U.S. Attorney General and the Administrator of the U.S. EPA.  Upon written notification

16   by the U.S. EPA and/or U.S. Department of Justice that those agencies' reviews have concluded, or the

17   expiration of the forty-five (45) day period, whichever is the earlier, the Court shall enter this Consent

18   Decree and Order. This Consent Decree and Order may be signed in duplicate so that an original may

19   be filed in each of the two actions.   The effective date of the attached Settlement Agreement shall be

20   the first date this Consent Decree and Order, signed by the Court, is filed with the Clerk of the Court.

21   WHEREFORE, the parties have consented to the entry of this Consent Decree and Order without

22   trial of any issues and hereby stipulate that, in order to settle the claims alleged against defendants in the

23   Complaints, this Consent Decree should be entered.

24

25

26

27

28

C05-3749 CRB and C06 4182 CRB
Consent Decree and Order                3

## ORDER

1

2   **APPROVED AND SO ORDERED,**

3

4   DATED:  Oct. 30, 2006

5

6

7   Approved As to Form:

8   Dated: 10·13·06

9

10

11

12   Dated: 10/13/06

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28   C05-3749 CRB and C06 4182 CRB
Consent Decree and Order



HONORABLE
UNITED STAT

IT IS SO ORDERED

Judge Charles R. Breyer

Jack Silver
Attorney for Plaintiff
NORTHERN CALIFORNIA RIVER WATCH

Peter W. McGaw
Attorney for Defendants
SONOMA COUNTY WATER AGENCY,
SONOMA VALLEY COUNTY SANITATION
DISTRICT, SONOMA COUNTY BOARD
OF SUPERVISORS and RUSSIAN RIVER
COUNTY SANITATION DISTRICT

4

# EXHIBIT 1

## SETTLEMENT AGREEMENT AND MUTUAL RELEASE OF CLAIMS

This Settlement Agreement and Mutual Release of Claims ("Agreement") is entered into between Northern California River Watch ("NCRW"), the Sonoma Valley County Sanitation District ("Sonoma Valley CSD"), the Russian River County Sanitation District ("Russian River CSD"), the Occidental County Sanitation District ("Occidental CSD") (collectively, "the Districts"), and the Sonoma County Water Agency ("Agency") (collectively "the Parties") with respect to the following facts and objectives:

## I.    RECITALS

A.    NCRW is a 501(c)(3) non-profit, public benefit corporation organized under the laws of the State of California, dedicated to the protection, enhancement, and restoration of the rivers, creeks, and tributaries of Northern California;

B.    The Districts are each county sanitation districts organized under Division 5 of the California Health & Safety Code, § 4700 et seq., and each is a separate legal entity.  The Districts each operate under a separate National Pollutant Discharge Elimination System ("NPDES") permit issued pursuant to state order.

C.    The Agency is formed pursuant to the Sonoma County Flood Control and Water Conservation District Act, Chapter 994 of the Statues of 1949 (California Water Code Appendix § 53-1 et seq.), and is a separate legal entity from the Districts and the County of Sonoma.   The Agency operates the sanitation facilities of the Districts under contract.  In addition, the Agency owns and operates sanitation facilities at several sanitation zones in Sonoma County.  The following sanitation zones are addressed in this Agreement: the Airport/Larkfield/Wikiup Sanitation Zone, and the Sea Ranch Sanitation Zone. Each zone operates under  separate Waste Discharge Requirements Orders issued by the state.

D.    On September 8, 2004, NCRW provided the Agency with a Notice of Violation and Intent to File Suit ("60 Day Notice Letter") under Section 505 of the Federal Water Pollution Control Act (the "Act" or "Clean Water Act"), 33 U.S.C 1365.

E.    On September 16, 2005, NCRW filed a Complaint in the United States District Court for the Northern District of California alleging certain violations specified in the 60 Day Notice Letter.  The Complaint was never served on the Agency or the Districts.

F.      On October 3, 2005, NCRW provided the Agency with a Supplemental Notice of Violation and Intent to File Suit ("Supplemental Notice Letter") under Section 505 of the Act, referring only to the facilities owned by the Sonoma Valley CSD.

G.      On December 16, 2005, NCRW filed an amended Complaint alleging violations specified in the Supplemental Notice Letter.   Service of process for the amended Complaint was waived by the Agency on December 16, 2006.

H.      On or about March 21, 2006, NCRW served an amended 60-Day Notice Letter directed to the Agency and the Sonoma Valley County Sanitation District.

I.      On or about June 29, 2006, NCRW filed a Second Amended Complaint incorporating the allegations of the amended 60-Day Notice letter served on the Agency and the Sonoma Valley County Sanitation District.

J.      On or about March 10, 2006, NCRW served a 60-Day Notice Letter directed to the Agency and the Russian River County Sanitation District.

K.      On or about July 6, 2006, NCRW filed a Complaint naming the Russian River County Sanitation District, the Agency and the County incorporating the allegations in the 60-Day Notice Letter filed in March, 10, 2006.

L.      NCRW, the Districts and the Agency, through their authorized representatives and without either adjudication of NCRW's claims or admission by the Agency or the Districts of any alleged violation or other wrongdoing, have chosen to resolve in full NCRW's allegations in the 60 Day Notice Letters and the Supplemental Notice Letter, the Complaints and the amended Complaint with respect to the facilities owned by the Districts and the sanitation zone facilities owned by the Agency and specified above through settlement and avoid the costs and uncertainties of further litigation.  Although Sonoma County is not a party to this agreement, it has been named in some or all of NCRW's Notice Letters and the County is, therefore, an express third party beneficiary of this Agreement.

## II.      SUPPLEMENTAL ENVIRONMENTAL PROJECTS

A.      <u>GIS Map/Model, Sonoma Valley CSD</u>

1.      Within six (6) months of the approval and entry of this Settlement Agreement, the Sonoma Valley CSD and the Agency shall prepare a GIS map/model, and the Russian River CSD and the Agency shall

prepare a GIZ map/model, with the following information on the Sonoma Valley CSD's collection system area and the Russian River CSD's collection system area, respectively:

a.    Collection system components, including age and composition of pipeline sections;

b.    Proximity of collection system components to streams ;

c.    Class of streams in proximity to collection system components;

d.    Soil type in collection system area and adjacent to potentially affected streams; and

e.    Land use in the collection system area adjacent to potentially affected streams.

2.    Information obtained from the GIS Map/Models will be used to evaluate and re-prioritize, if necessary, the current Capital Projects Plans for the Sonoma Valley CSD and the Russian River CSD.

B.    <u>Collection System Study</u>

Within twelve (12) months after the approval and entry of this Agreement, the Agency shall, pursuant to contract with the University of California, Davis Center for Watershed Studies ("Center"), fund a grant to the Center in the amount of **$75,000** to be used for the purpose of scientific research directed at evaluating human health and biological impacts, if any, of exfiltration from sewer collection systems on nearby surface water streams. The study will not be concentrated on any particular geographic region or collection system, but shall be relevant to California collection systems and water bodies. The recipient of the grant funds may use those funds alone or in conjunction with other funding to conduct the grant-funded study. The scope of work and the study design shall be subject to review and comment by the Parties for the purposes of assuring scientific integrity of the study and consistency with the purposes for which the grant funds will be provided, as set forth herein.

C.    <u>Sewer Lateral Program</u>

Within twelve (12) months of the approval and entry of this Settlement Agreement, the Agency shall undertake the following tasks regarding a sewer lateral regulatory program.

1.  Agency staff shall develop a proposal for the regulation of single family residential private sewer laterals which connect to the public sewer.  Development of the proposal will be based on analysis of legal authority and other legal issues, and on other factors concerning feasibility, implementation, need, timing and cost.  The proposal will include the following terms at a minimum:

    a.  the requirement for inspection of sewer laterals and repair and replacement as necessary by property owners upon property transfer or some other triggering event.

    b.  inspection will not be required for the following transfer of properties:

        i)  trust transfers, intra-family transfers,  and transfers via inheritance;

        ii)  transfers of property in which the sewer laterals were constructed less than 10 years prior to the date of transfer of the property;

        iii) transfers of property in which the laterals have been inspected less than 5 years prior to the date of transfer and no damage or wear requiring repair was found;

        iv) transfer of a condominium unit or share in a cooperative in which there is no separate sewer lateral for the unit or share connecting to the sewer system.

2.  The proposal and any public workshop materials shall be provided to NCRW for review and comment.  NCRW shall return any comments it may have on the proposal in writing within twenty-one (21) days of submittal by the District/Agency.

3.  Agency staff shall conduct at least three public workshops or meetings in the County regarding the proposed private sewer lateral regulation in order to receive public input and comment.  As part of these workshops, the Agency will consider whether additional issues (e.g., financial hardship) will need to be addressed in the ordinance.

4.  After receiving public input and comment, Agency shall present a final proposal to the Agency's and the Districts' Boards along with

any public comment, and staff response and analysis for the Boards' consideration at a publicly held meeting or meetings.

## III.    COLLECTION SYSTEM MAINTENANCE

The Sonoma Valley CSD/Agency shall comply with the San Francisco Bay Regional Water Quality Control Board's (SFRWQCB) new requirements for preparing sewer system management plans pursuant to the *Sewer System Management Plan (SSMP) Development Guide* prepared by the SFRWQCB in cooperation with the Bay Area Clean Water Agencies dated July 2005. The requirements are contained in a letter from the SFRWQCB dated July 7, 2005 which is attached to this Agreement for information. This program requires the Sonoma Valley CSD/Agency to prepare and implement components of the SSMP over a three year period according to the following schedule:

A.    Develop goals for the collection system management plan, identify the organizational structure for the entity performing collection system maintenance, develop an emergency response plan and a Fats, Oil and Grease control program by August 31, 2006.

B.    Describe the legal authority to require the proper design, installation and testing of new and rehabilitated sewers, prepare current collection system maps, allocate adequate collection system maintenance funding, preventative maintenance and condition assessment program, and standards for constructing or rehabilitating sewers by August 31, 2007.

C.    Establish a process to assess current and future collection system capacity requirements, monitor SSMP effectiveness and conduct annual audits of the SSMP by August 31, 2008.

## IV.    IRRIGATION OF RECYCLED WATER AND SPILL INFORMATION INTAKE

A.    The Agency will formalize its Standard Operating Procedures ("SOPs") for irrigation of recycled water for designated facilities. The Agency will review and revise the SOPs to provide for prioritization of monitoring of irrigation sites most likely to impact surface waters. The Agency will use these SOPs in operating the Districts and the sanitation zones. The SOPs are subject to revision from time to time in order to improve operation or enhance irrigation operations.

B.    The Agency is in the process of conducting environmental review of projects intended to evaluate options for expanding irrigation capacity at the Russian River wastewater treatment facility. The Agency will continue this effort

in good faith and will take reasonable best efforts to develop additional irrigation capacity for that facility.

C.     The Agency has developed SOPs for spill information intake. The SOPs are subject to revision from time to time in order to improve or enhance spill response. In addition, the Agency will provide a one-time mailed notification to customers in the next mailing to advise customers of the availability of a telephone number and web site for reporting spills or collection system overflows.  This notification shall be included in a normal mailing to customers.  The Agency's web site will be revised as necessary to advise members of the public that they may request a written response and/or a meeting with representatives of the Agency.  The Agency will respond as appropriate to reports or inquiries.

## V.     FACILITY AUDIT

The parties will jointly request the Regional Water Quality Control Board, North Coast Region, conduct a standard facility audit of the Russian River wastewater treatment facility.

In the event the Regional Board does not commence an audit of the Russian River facility within three years, the Russian River District will, at its discretion, either contract with an independent auditor with appropriate experience to conduct such an audit or make its facilities available to NCRW so that NCRW can conduct such an audit.

## VI.    SETTLEMENT AND RELEASE OF CLAIMS

A.     Upon approval and entry of this Settlement Agreement, NCRW, on behalf of itself, its officers, members, agents, successors and assigns, and any other person or organization acting under the direction or control of NCRW, its officers, members, agents, successors and assigns, agrees that it releases and forever discharges the Districts, the Agency, and the County of Sonoma, their officials, officers, employees, agents, successors and assigns, and any other person acting on the Districts', the Agency's, or the County's behalf with respect to the matters alleged in the 60 Day Notice Letters, the Supplemental Notice Letter, the Complaints or  the amended Complaint, as well any claims, known or unknown, which could have been asserted in the present litigation or against any of the Districts, the Agency or the County of Sonoma.

B.     For the period beginning on the effective date of this Agreement and ending ) eight (8) years after the effective date,  neither NCRW, its officers, staff, members, agents, successors and assigns, nor any organization under the control of

NCRW, its officers, staff, members, agents, successors and assigns will file any lawsuit against the Districts, Agency or the County of Sonoma seeking relief for alleged violation of the Clean Water Act or Porter-Cologne Act or violation of current or future NPDES or state waste discharge requirements permits for the facilities owned or operated by the Districts, the Agency or County. NCRW further agrees that NCRW will not support other lawsuits, by providing financial or legal assistance, personnel time or other affirmative actions, against the Districts, Agency or the County of Sonoma that may be proposed by other groups or individuals who would rely upon the citizen suit provision of the Clean Water Act to challenge the Districts', Agency's or the County's compliance with the Clean Water Act or current or future NPDES permits. The foregoing shall not prevent NCRW from commenting at administrative proceedings or pursuing administrative challenges of permits issued to any Party.

        C.      NCRW, on behalf of itself, its officers, members, agents, successors and assigns, and any other person under its direction and control, hereby waives the application of Section 1542 of the California Civil Code (and any similar federal provisions), which provides:

> A general release does not extend to claims which the creditor does not know or suspect to exist in his favor at the time of executing the release which if known by him must have materially affected the settlement with the debtor." NCRW understands and acknowledges the significance and consequence of this waiver and agrees that it intends these consequences even as to claims for injunctive relief, penalties or damages that may exist as of the effective date of this Settlement Agreement, but which it does not know exist, and which, if known, would materially affect its decision to execute this release, regardless of whether the lack of knowledge is the result of ignorance, oversight, error, negligence, or any other cause.

        D.      The releases set forth in this Settlement Agreement are not conditioned upon timely compliance by the Districts or Agency with the payment and other obligations of this Settlement Agreement, and NCRW, its officers, staff, members, agents, successors and assigns, and any organization under the control of NCRW, its officers, staff, members, agents, successors and assigns, agrees that its exclusive remedies for a breach of this Settlement Agreement by the Districts or Agency shall be suit in the state or federal court with jurisdiction over this matter for specific performance of this Agreement and/or any other remedies available under law. The Parties' sole remedy against the other during the period specified in Paragraph VI. B. above shall be limited to enforcement of this Settlement Agreement. The Parties further covenant and agrees that, they shall provide notice to the other in writing of what actions or inactions by they deem to

be in violation of this Settlement Agreement. Within thirty (30) days of receipt of such notice, the Party receiving the notice shall respond to the notice in writing. If the Parties still dispute compliance with this Settlement Agreement, within an additional thirty (30) days, the Parties will meet and confer in a good faith attempt to resolve their disputes hereunder. If the Parties cannot informally resolve the dispute, they will make a good faith effort to mediate the dispute through JAMS or other mediation alternative agreed upon by the Parties. The auspices of the ADR office of the state or federal court may be used to effectuate such mediation. In the event the Parties corrects the action or inaction that other contends constitutes a violation of this Settlement Agreement prior to the completion of the ADR process, no action shall be commenced to the Court by any of the Parties.

   E. NCRW agrees that it shall not provide information or documents previously provided to NCRW by the Districts or Agency during the negotiations of this matter to any third person or organization, notwithstanding that some or all of the documents provided may be public records otherwise subject to public disclosure.

   F. Neither this Settlement Agreement nor the action taken hereunder shall constitute an admission by the Districts or Agency of the validity of any legal or factual position asserted by NCRW, nor of the existence of any violation of the Clean Water Act or any rule or regulation promulgated thereunder, nor of any violation of any applicable California law, rule or regulation regarding any of the matters referenced in this Settlement Agreement.

## VII. FORCE MAJEURE

   A. Separate from, and in addition to any other limitations on the Districts' and/or Agency's obligations under this Settlement Agreement, the Districts' and/or Agency's obligations to comply with one or more of the provisions of this Settlement Agreement shall be deferred to the extent and for the duration that the delay in compliance is caused by an event or circumstances beyond the reasonable control of the Districts or Agency or any entity controlled by the Districts or Agency, including their contractors, and that could not have been reasonably foreseen and prevented by the exercise of due diligence by the Districts or Agency. Delays due to substantial unanticipated costs or substantially increased costs or expenses associated with the completion of any work or activity under this Settlement Agreement, changed financial circumstances (including but not limited to changed circumstances occurring as a result of a vote or protest procedure of ratepayers under Proposition 218 to an increase in sewer service or assessment rates), or inclement weather (whether or not normal) shall be considered to be circumstances beyond the Districts' or Agency's control. Delays due to the Districts' or Agency's failure to make timely and bona fide applications

and to exercise diligent efforts to obtain permits shall not be considered to be circumstances beyond the Districts or Agency's control.

## VIII.  ATTORNEYS' FEES AND COSTS

A.    Within thirty (30) days of the entry and approval of this Settlement Agreement, the Districts shall pay NCRW the sum of **$150,000.00** in full satisfaction of all claims by NCRW for attorney's fees and costs incurred in this action, and for any fees associated with enforcement and monitoring of this Settlement Agreement, with the exception of any action taken to enforce this Settlement Agreement in a court of law. The check or warrant shall be made payable to Northern California River Watch.

B.    Except as stated in paragraph VIII.A. above, each Party shall bear its own attorney's fees, costs and expenses.

C. In the event the payment required under paragraph VIII.A above, is not tendered in a timely fashion, NCRW may seek enforcement of this provision directly without recourse to paragraph VI.D, above.

## IX.    GENERAL PROVISIONS

A.    <u>Notifications</u>:  All reports, notices or other written communications required under this Settlement Agreement shall be sent to the respective parties at the following addresses:

1.  District/Agency:
Randy Poole, General Manager
Sonoma County Water Agency
P.O. Box 11628
Santa Rosa, CA 95406
Phone: (707) 526-5370
Fax: (707) 544-6123

2.  NCRW:
Jack Silver, Esq.
Law Office of Jack Silver
Post Office Box 5469
Santa Rosa, CA 95402-5469
Phone:(707) 528-8175
Facsimile: (707) 528-8675

B.    <u>Government Functions of Agency; No Joint Venture or Third Party Liability:</u>  In entering into this Agreement the Districts/Agency shall be deemed to be exercising discretionary governmental functions and responsibilities for public purposes, and nothing in this agreement is intended to circumscribe the proper exercise of discretion by the Districts/Agency in its performance of this agreement and otherwise.  Nothing in this Agreement nor any of the actions by the Districts/Agency pursuant to this Agreement shall be construed as creating a joint venture or other active involvement by the Districts/Agency with NCRW or any other organization, entity or governmental agency which would give rise to a claim by any third party against the Districts/Agency for injury or damages arising out of the activities of NCRW or any other organization, entity or governmental agency.

C.    <u>Severability:</u>   In the event any interpretation of a provision of this Agreement is determined by appropriate judicial authority to be illegal or otherwise invalid, such provision shall be deemed deleted,  and the remainder of this Agreement shall be construed to be in full force and effect.

D.    <u>Effective Date:</u>  This Agreement shall be effective on the Date it is signed by the Agency and Districts.

**IT IS SO AGREED AND STIPULATED:**

Dated: _____ 9\4_____ , 2006   Northern California River Watch

By: _____

[Name]    Robert W. Rawson

Board Member


Dated: _____ 9\12_____ , 2006   Sonoma Valley County Sanitation District

By: _____

Paul Kelley

Chair


Dated: _____ 9\12_____ , 2006   Russian River County Sanitation District

By: _____

Paul Kelley

Chair

Dated: _____ 9/12 _____, 2006  Occidental County Sanitation District

By: _____

Paul Kelley
Chair

Dated: _____ 9/12 _____, 2006  Sonoma County Water Agency

By: _____

Paul Kelley
Chair

APPROVED AS TO FORM:

Dated: _____ 9-11 _____, 2006  By: _____

Jack Silver, Esq.
Silver & Silver

Dated: _____ 7/11 _____, 2006  By: _____

David McFadden
Deputy County Counsel

**Attachment to**

**Settlement Agreement and Mutual Release of Claims**
**Northern California River Watch v. Sonoma County Water Agency, et al.**
**September, 2006**

# California Regional Water Quality Control Board

## San Francisco Bay Region



**Alan C. Lloyd, Ph.D.**
*Agency Secretary*

1515 Clay Street, Suite 1400, Oakland, California 94612
(510) 622-2300 • Fax (510) 622-2460
http://www.waterboards.ca.gov/sanfranciscobay

**Arnold Schwarzenegger**
*Governor*

Date: **JUL 0 7 2005**
File No. 1210.57 (MTC)

> DOCUMENT COPY KEEP/DISCARD
> SONOMA COUNTY WATER AGENCY
>
> JUL 1 1 2005
>
> Wc/43-0-25 CRWQCB,
> SF Bay Region
>
> Orig. Filed___

Jim Zambenini
Water Agency Coordinator
Sonoma Valley County SD
P.O.Box 11628
Santa Rosa, CA 95406

**SUBJECT:    New Requirements for Preparing Sewer System Management Plans**

This letter is to notify you, as a Sanitary Sewer Collection System Agency, that you are required to prepare a Sewer System Management Plan (SSMP) pursuant to Section 13267 of the California Water Code.  The enclosed SSMP Development Guide should be used to develop your plan, which will contain the following ten elements:

1. Goals
2. Organization
3. Overflow Emergency Response Plan
4. Fats, Oils, and Grease (FOG) Control Program
5. Legal Authority
6. Measures and Activities
7. Design and Construction Standards
8. Capacity Management
9. Monitoring, Measurement, and Program Modifications
10. SSMP Audits

As indicated in the attached guide, if you believe any element of this program is not applicable to your agency, your SSMP does not need to address it, but an explanation in the SSMP should be provided, indicating why that element of the SSMP is not applicable.  Failure to prepare and maintain an SSMP will subject you to monetary liabilities that may be imposed by the San Francisco Bay Regional Water Quality Control Board (Regional Water Board).  The following paragraphs provide some background and further details on the requirements and liabilities.

**Background**
This requirement is the result of a collaborative effort between the Bay Area Clean Water Agencies (BACWA) and the Regional Water Board to reduce and prevent sanitary sewer overflows.  Over the past two years, BACWA and Regional Water Board staff met to develop

---

*Preserving, enhancing, and restoring the San Francisco Bay Area's waters for over 50 years*

♻ *Recycled Paper*

Sewer System Authorities (attached list)
Page 2

draft SSMP guidelines.  In 2004, six workshops were held for collection system agencies to present the draft SSMP guidelines and refine the contents for a comprehensive sanitary sewer overflow (SSO) control program for the region.  This program comprises two components:  1) electronic reporting of SSOs; and, 2) development and implementation of SSMPs.  The requirement for electronic SSO reporting began on December 1, 2004.  The enclosed SSMP Development Guide incorporates input from collection system agencies in the San Francisco Bay Area.

**Response Form**
The first step of the process for developing your SSMP is to return a completed copy of the attached **SSMP Form A** to the Regional Water Board, to indicate that you have received this letter, understand the requirements, and intend to comply.  There is a space on the form for feedback about the regional SSO control program.  The Regional Water Board will continue working with BACWA to ensure successful implementation of this program.

**Schedule**
Individual elements of the SSMP are required to be completed according to the schedule shown below:

### Required Schedule for SSMP Elements

| SSMP Item | Required Completion Date |
|---|---|
| • Goals<br>• Organization<br>• Emergency Response Plan<br>• FOG Control Program | August 31, 2006 |
| • Legal Authority<br>• Measures and Activities<br>• Design and Construction Standards | August 31, 2007 |
| • Capacity Management<br>• Monitoring, Measurement, and Program Modifications<br>• SSMP Audits | August 31, 2008 |

**Notification to Regional Water Board of Completed SSMP Elements**
You must notify the Regional Water Board when you complete each set of SSMP elements.  Use the attached forms as follows:

Sewer System Authorities (attached list)
Page 3

- Use **SSMP Form B-1** to indicate completion of the first set of SSMP elements
- Use **SSMP Form B-2** to indicate completion of the second set of SSMP elements
- Use **SSMP Form B-3** to indicate completion of the third and last set of SSMP elements

**Applicability to NPDES Permitted Facilities**
For Publicly-Owned Treatment Works (POTWs) whose discharges are regulated in NPDES permits, and who also operate sanitary sewer systems, any requirement for development of an SSMP in your NPDES permit should be considered fulfilled using the requirements outlined in this letter.

**Annual Reports for Reporting of SSOs**
As indicated in a previous letter from the Regional Water Board dated November 15, 2004, the first annual report for your agency's SSO control activity is due March 15, 2006, and should cover 13 months from December 1, 2004, through December 31, 2005. Subsequent annual reports are due March 15th, and should contain information for the preceding 12-month calendar year. Additional detail on requirements for annual reports will be forwarded to your agency later this year.

**Basis for Requirement and Liabilities**
Because SSOs are a threat to water quality, you should be aware that this letter establishes formal requirements for technical information pursuant to California Water Code Section 13267. Failure to respond, late response, or incomplete response may subject you to civil liability imposed by the Water Board to a maximum of $1,000 per day. Any revisions of the request set forth must be confirmed in writing by Regional Water Board staff.

**State-wide SSO Control Program**
The State Water Resources Control Board (State Water Board) has recently begun the development of a state-wide SSO control program. Regional Water Board and BACWA representatives are working with State representatives to ensure compatibility between the Regional and State programs. In the event the State program has additional requirements beyond the Regional program, these elements will need to be incorporated into the SSMP. Collection System agencies will be notified of any new requirements as they occur. Currently, the State Water Board's proposed SSMP has a more aggressive development and implementation time schedule.

**Sewer System Authorities** (attached list)
Page 4

## Questions
If your agency has questions about program requirements or SSMPs, please contact Michael Chee at mchee@waterboards.ca.gov or (510) 622-2333.

Sincerely,

Bruce H. Wolfe
Executive Officer

Attachments:
- Sanitary Sewer Authorities Mailing List
- SSMP Form A:  Notification Form To Indicate Receipt of Letter Requiring the Development of an SSMP
- SSMP Form B-1:  Notification Form To Indicate Completion of First Set of Sewer System Management Plan (SSMP) Elements
- SSMP Form B-2:  Notification Form To Indicate Completion of Second Set of Sewer System Management Plan (SSMP) Elements
- SSMP Form B-3:  Notification Form To Indicate Completion of Third (and Final) Set of Sewer System Management Plan (SSMP) Elements
- Fact Sheet – Requirements For Submitting Technical Reports Under Section 13267 of the California Water Code

Enclosure:
Sanitary Sewer Management Plan (SSMP) Development Guide

San Francisco Bay Regional Water Quality Control Board
Sanitary Sewer Overflow Control Program

**SSMP Form B-1:**
**Notification Form To Indicate Completion of First Set of**
**Sewer System Management Plan (SSMP) Elements**

Return this form to the Regional Water Quality Control Board at the following address by August 31, 2006.  You may email a PDF file of this form, mail the form, or fax the form.

Attention:  Michael Chee
San Francisco Bay Regional Water Quality Control Board
1515 Clay Street, Suite 1400
Oakland, CA  94612
Email: mchee@waterboards.ca.gov
Fax:  (510) 622-2460

Name of Agency _____

Agency Contact Person _____

Contact Person Phone Number _____

Contact Person Email _____

**First Set of SSMP Elements**

| SSMP Item | Required Completion Date |
|---|---|
| • Goals<br>• Organization<br>• Emergency Response Plan<br>• FOG Control Program | August 31, 2006 |

Certification:

I certify that my agency has completed the Sewer System Management Plan (SSMP) elements as specified above.  The document(s) comprising these elements are on file at our agency's offices.

_____        _____
Signature of Responsible Agency Representative              Date

_____
Print Name and Title

San Francisco Bay Regional Water Quality Control Board
Sanitary Sewer Overflow Control Program

**SSMP Form B-2:**
**Notification Form To Indicate Completion of Second Set of**
**Sewer System Management Plan (SSMP) Elements**

Return this form to the Regional Water Quality Control Board at the following **address by**
August 31, 2007. You may email a PDF file of this form, mail the form, or fax **the form.**

> Attention: Michael Chee
> San Francisco Bay Regional Water Quality Control Board
> 1515 Clay Street, Suite 1400
> Oakland, CA 94612
> Email: mchee@waterboards.ca.gov
> Fax: (510) 622-2460

Name of Agency _____

Agency Contact Person _____

Contact Person Phone Number _____

Contact Person Email _____

### Second Set of SSMP Elements

| SSMP Item | Required Completion Date |
|---|---|
| • Legal Authority<br>• Measures and Activities<br>• Design and Construction Standards | August 31, 2007 |

Certification:

I certify that my agency has completed the Sewer System Management Plan (SSMP) elements as specified above. The document(s) comprising these elements are on file at our agency's offices.

_____        _____

Signature of Responsible Agency Representative          Date

_____

Print Name and Title

San Francisco Bay Regional Water Quality Control Board
Sanitary Sewer Overflow Control Program

**SSMP Form B-3:**
**Notification Form To Indicate Completion of Third (and Last) Set of**
**Sewer System Management Plan (SSMP) Elements**

Return this form to the Regional Water Quality Control Board at the following address by August 31, 2008. You may email a PDF file of this form, mail the form, or fax the form.

>Attention: Michael Chee
>San Francisco Bay Regional Water Quality Control Board
>1515 Clay Street, Suite 1400
>Oakland, CA 94612
>Email: mchee@waterboards.ca.gov
>Fax: (510) 622-2460

Name of Agency _____

Agency Contact Person _____

Contact Person Phone Number _____

Contact Person Email _____

**Third Set of SSMP Elements**

| SSMP Item | Required Completion Date |
|---|---|
| • Capacity Management<br>• Monitoring, Measurement, and Program Modifications<br>• SSMP Audits | August 31, 2008 |

Certification:

I certify that my agency has completed the Sewer System Management Plan (SSMP) elements as specified above. The document(s) comprising these elements are on file at our agency's offices.

_____     _____
Signature of Responsible Agency Representative          Date

_____
Print Name and Title

California Environmental Protection Agency – San Francisco Bay Regional Water Quality Control Board

# Fact Sheet – Requirements For Submitting Technical Reports
## Under Section 13267 of the California Water Code

**What does it mean when the regional water board requires a technical report?**

Section 13267[1] of the California Water Code provides that "...the regional board may require that any person who has discharged, discharges, or who is suspected of having discharged...waste that could affect the quality of waters...shall furnish, under penalty of perjury, technical or monitoring program reports which the regional board requires".

**This requirement for a technical report seems to mean that I am guilty of something, or at least responsible for cleaning something up. What if that is not so?**

Providing the required information in a technical report is not an admission of guilt or responsibility. However, the information provided can be used by the regional water board to clarify whether a given party has responsibility.

**Are there limits to what the regional water board can ask for?**

Yes. The information required must relate to an actual or suspected discharge of waste, and the burden of compliance must bear a reasonable relationship to the need for the report and the benefits obtained. The regional water board is required to explain the reasons for its request.

**What if I can provide the information, but not by the date specified?**

A time extension can be given for good cause. Your request should be submitted in writing, giving reasons.

**Are there penalties if I don't comply?**

Depending on the situation, the regional water board can impose a fine of up to $1,000 per day, and a court can impose fines of up to $25,000 per day as well as criminal penalties. A person who submits false information is guilty of a misdemeanor.

**Do I have to use a consultant or attorney to comply?**

There is no legal requirement for this, but as a practical matter, in most cases the specialized nature of the information required makes use of a consultant and/or attorney advisable.

**What if I disagree with the 13267 requirement and the regional water board staff will not change the requirement and/or date to comply?**

You have two options: ask that the regional water board reconsider the requirement, or submit a petition to the State Water Resources Control Board. See California Water Code sections 13320 and 13321 for details.

**If I have more questions, who do I ask?**

Requirements for technical reports normally indicate the name, telephone number, and email address of the regional water board staff person involved at the end of the letter.

April, 2005

---

1 All code sections referenced herein can be found by going to www.leginfo.ca.gov